UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:08-mc-122-JAW |
| ) | |
| DAVID BOUCHER, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION ON
PETITION TO ENFORCE AND
COURSE OF FUTURE PROCEEDINGS**

On August 11, 2008, the Government filed a petition, pursuant to 26 U.S.C. §§ 7402(b) & 7604(a), to enforce two Internal Revenue Service summonses that had been previously served upon Respondent David Boucher. On August 12, 2008, based on the exhibits attached to the petition, I ordered Boucher to appear before the Court on October 6, 2008, to show cause why he should not be compelled to comply with the summonses. Boucher was served with a copy of the order and with notice of the hearing date. Boucher filed a "plea in abatement," an unauthorized and frivolous filing, and failed to attend the Court's show cause hearing. On October 8, 2008, based on Boucher's non-appearance, the Government filed a supplemental motion (Doc. No. 6) requesting that the Court order Boucher to appear and produce the requested records and testimony on November 18, 2008, and issue a warrant for Boucher's arrest in the event he fails to appear as ordered. I now recommend that the court grant the Government's Petition to Enforce IRS Summons (Doc. No. 1) and order Boucher to appear in response to IRS's summonses as indicated below. I further recommend that the Court conditionally grant the Government's Motion for Issuance of Arrest Warrant (Doc. No. 6), first giving Boucher the opportunity to

appear and produce the requested records before the IRS agent in Augusta, Maine on November 18, 2008.

**Proposed Findings of Fact**

The Government's Petition is supported by the Declarations of Revenue Officer Deborah Weaver, which are attached to the Petition and made under the statutory alternative to the oath. The Declarations reveal:

(1) that the IRS, through Revenue Officer Weaver and other revenue officers, is investigating Boucher for tax collection purposes for the years 1999 through 2006;

(2) that the IRS has served summonses[1] in hand to Boucher in an effort to obtain compliance administratively;

(3) that Boucher failed to comply with the summonses;

(4) that the subpoenaed documents are not already in the possession of the IRS;

(5) that all administrative steps required by the Internal Revenue Code for issuance of a summons have been followed;  and

(6) that it is necessary to obtain Boucher's testimony and to examine the documents identified in the summonses in order to complete a Collection Information Statement concerning Boucher's federal tax liability for the years 1999 through 2006 and to determine applicable civil penalties for non-payment of taxes.

(Exhibit B Declaration of Revenue Officer, Doc. Nos. 1-3;  Exhibit D Declaration of Revenue Officer, Doc. No. 1-5.)  Attached to the Petition as Exhibits A and C and the associated summonses and certificates of service.  (Doc. No. 1-2, 1-4.)

---

[1] Each summons concerns four tax years, 1999-2002, and 2003-2006, respectively.

Based on the prima facie showing set forth in the Declarations, I ordered Boucher to appear before the Court on October 6, 2008, to show cause why he should not be compelled to comply with the summonses.

On August 22, 2008, Boucher filed a "Plea in Abatement," denying that the Government's Petition had accurately named him because it spelled his name entirely in capital letters, and arguing that the IRS, the United States Attorneys Office, and the United States courts are all "alien enemy agents of a statutorily created, foreign de facto corporation, known as the United States of America," and that enforcement of the Petition would be in violation of "international law and the law of nations." (Plea in Abatement at 1, Doc. No. 3.) In his Plea, Boucher acknowledges receipt of process, but denies his acceptance of the same. (Id. at 2.) He proclaims to exercise "ministerial powers" on behalf of "Jesus the Christ and Myself by Visitation," whereby he returns the process papers unaccepted. (Id.) The only cogent contention is that this Court lacks jurisdiction over his person. (Id. at "Fifthly.")

On October 6, 2008, I convened the scheduled hearing on the Order to Show Cause. Boucher did not attend. I received in evidence two exhibits offered by the Government: an affidavit of service and a copy of Boucher's Plea in Abatement. (Exhibit List, Doc. No. 5.) The affidavit of service reflects that the Order to Show Cause was served on Boucher at 136 Pond Road, Strong, Maine, on August 16, 2008. (Gov't Ex. 1.) The Government moved that I issue a bench warrant for Boucher's arrest. I instructed the Government to file a written motion.

On October 8, 2008, the Government filed a Motion For Issuance of Arrest Warrant. (Doc. No. 6.)

**Discussion**

This matter comes before the Court pursuant to 26 U.S.C. §§ 7402(b) & 7604. These provisions clearly confer jurisdiction on the District Court to enforce an IRS summons by compelling a person to attend, testify and produce books, papers and other documents in response to an administrative summons. The only jurisdictional prerequisite is that the person must reside in, or be found in, the district. 26 U.S.C. § 7402(b). Boucher's jurisdictional challenge fails, for he resides in Strong, Maine, which is within the District of Maine.

In order to obtain enforcement relief related to the administrative summonses, the Government need show only:

> that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed -- in particular, that the 'Secretary or his delegate,' after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

United States v. Powell, 379 U.S. 48, 57-58 (1964). Based on the representations set forth in Revenue Officer Weaver's declarations, I concluded that this prima facie showing was met by the Government in this case and ordered Boucher to appear and show cause why the summonses should not be enforced. That was an invitation to Boucher to demonstrate, for example, that "the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." Id. at 58. In other words, the Order to Show Cause effectively shifted the burden to Boucher and his failure to respond meaningfully to the Order and his non-appearance at the related hearing results in a failure to carry that burden. United States v. Kis, 658 F.2d 526, 538 (7th Cir. 1981).

Based on Boucher's failure to carry his burden on the Court's prior Order to Show Cause, I find that Boucher has unjustifiably failed to comply with the administrative summonses following service of attested copies in hand, and has, per 26 U.S.C. § 7604(b), neglected or refused to obey the same.  Further, I find, based on the Declarations submitted in support of the Petition, as well as Boucher's failure to respond to the Order to Show Cause, that the administrative summonses have been issued for legitimate tax assessment purposes under 26 U.S.C. § 7602, that the material sought is relevant and not already in the Government's possession, and that there has been compliance with the administrative steps required for issuance of the summonses.  The Government's prima facie burden is meant to be minimal and there is nothing apparent from the record that any heightened scrutiny is called for in this instance.  See United States v. Samuels, Kramer & Co., 712 F.2d 1342, 1344-45 (9th Cir. 1983) ("A prima facie case for the Government's need for judicial enforcement is established by a 'minimal' showing that the good-faith requirement has been met, and is typically made -- as it was in this case -- through the introduction of the sworn declaration of the IRS agent who issued the summons.") (quoting United States v. Moon, 616 F.2d 1043, 1046 (8th Cir. 1980)).

Based on these findings, David Boucher is presently subject to process by means of physical attachment, or arrest, so that the Court may proceed to a compulsory hearing of the Petition per § 7604(b).[2]  However, because the Government has made its prima facie showing in support of its Petition and because Boucher has failed to carry his burden of demonstrating improper purpose, the Court may also presently grant the Government the relief it requests on its Petition and order Boucher to comply with the summonses without further hearing at this

---

[2]  "If the taxpayer has contumaciously refused to comply with the administrative summons and the Service fears he may flee the jurisdiction, application for the sanctions available under § 7604 (b) might be made simultaneously with the filing of the complaint." United States v. Powell, 379 U.S. 48, 58 n.18 (1964).

juncture. See United States v. Snowden, No. 2:08-mc-38-LKK-GGH, 2008 U.S. Dist. Lexis 44774, *4, 2008 WL 2169524, *2 (E.D. Cal. May 23, 2008) (Mag. J. Report & Recommendation), adopted, 2008 U.S. Dist. Lexis 50886, 2008 WL 4260892 (June 18, 2008). Then, if Boucher fails to comply with the order enforcing the IRS summonses, a warrant may issue for his arrest. I recommend that course of action. In the event that an arrest proves necessary, I recommend that after the arrest Boucher be ordered to show cause if he contests that he is in civil contempt, set a hearing should Boucher wish to contest the contempt, consider appointment of counsel under United States v. Kang, 468 F.2d 1368, 1369 (9th Cir.1972), and order Boucher to be held in coercive confinement until he complies with the summonses and the enforcement order.

## Conclusion

I now recommend the court grant the Government's Petition at this time and order the Respondent, David Boucher, to obey the summonses and appear at 68 Sewall Street, 3rd Floor, Augusta, Maine 04330 on November 18, 2008, at 10:00 a.m., to be sworn, to give testimony, and to produce the requested documents for examination and copying, the examination to continue from day to day until completed. Boucher is presently subject to the Court's authority to have him arrested and, should he fail to comply in good faith with the Court's order of enforcement, a warrant of arrest should issue and I recommend that Boucher be subject to civil contempt proceedings before the United States District Court Judge.[3] See United States v. Taylor, No.

---

[3] Such civil contempt authority is beyond the scope of authority granted to a magistrate judge under 28 U.S.C. § 636(e). The approaches taken in Snowden and in Taylor present two valid alternative approaches to handling the matter of the contemptuous failure to comply with court scheduling and enforcement orders. The Court could issue the bench warrant subject to conditions, as was done by the Court in Snowden as is recommended in this decision, or it could afford the Respondent one more opportunity to comply before issuing a warrant and convening a civil contempt proceeding, which was the course taken by the Taylor Court.

6

CV-6-3121-PHX-SRB, 2007 U.S. Dist. Lexis 18357, *3, 2007 WL 805662, *1 (D. Ariz. Mar. 13, 2007).

Service of this Report and Recommendation shall be made by mailing a certified copy to Respondent David Boucher at his last known address where he was previously served in hand with the Government's Petition. If Boucher fails to appear for the November 18, 2008, meeting in Augusta, the Government shall forthwith certify to the Court that Boucher has failed to appear and a warrant should immediately issue for Boucher to be brought before the United States District Court Judge where he shall show cause why he should not be imprisoned for his contemptuous disregard of the IRS summonses and this Court's orders. Boucher is hereby placed on notice that his continued actions could result in a finding of civil contempt and a resulting court order of imprisonment in order to obtain his compliance.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 15, 2008